UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BILLUPS PERCY<br><br>　　　　　　　　　Plaintiff,<br><br>　　- against -<br><br>TURNER BROADCASTING SYSTEM, INC.<br><br>　　　　　　　　　Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Billups Percy ("Percy" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Turner Broadcasting System, Inc. ("Turner" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1.　This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted video of Anthony Hayes owned and registered by Percy, a Louisiana based photojournalist. Accordingly, Percy seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2.　This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.　This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Percy is a professional photojournalist in the business of licensing his photographs and videos to online, print, and television stations for a fee, having a usual place of business at 3909 Civic Street, Metairie, Louisiana, 70001. Percy's photographs and videos have appeared in many publications around the United States.

6. Upon information and belief, Turner is a corporation duly organized and existing under the laws of the State of Georgia, with a place of business at 10 Columbus Circle, New York, NY 10019. Upon information and belief, Turner is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Turner has owned and operated a website at the URL: www.cnn.com (the "Website").

## STATEMENT OF FACTS

**A.      Background and Plaintiff's Ownership of the Video**

7. Percy videoed Anthony Hayes wielding a knife while surrounded by NOPD police officers (the "Video"). A true and correct copy of the Video is attached hereto in DVD form as Exhibit A.

8. Percy is the author of the Video and has at all times been the sole owner of all right, title and interest in and to the Video, including the copyright thereto.

9. The Video was registered with Copyright Office and was given Copyright Registration Number PA 1-989-123.

**B.      Defendant's Infringing Activities**

10.     Upon information and belief, on or about April 11, 2016, Turner ran two (2) articles containing the Video on the Website entitled *Will Smith, former Saints player, shot dead at scene of crash* and *Cardell Hayes, suspect in Will Smith shooting, sued police for father's death*. See http://edition.cnn.com/2016/04/10/sport/will-smith-former-saints-player-killed and http://www.cnn.com/2016/04/10/us/cardell-hayes-suspect-will-smith-shooting-police-lawsuit/. The article prominently featured the Video. The Video also appeared on television on the cable television network Cable News Network on at least one program. A true and correct copy of the article is attached hereto as Exhibit B.

11.     Turner did not license the Video from Plaintiff, nor did Turner have Plaintiff's permission or consent to publish the Video on its Website and on television.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST TURNER)**
**(17 U.S.C. §§ 106, 501)**

12.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

13.     Turner infringed Plaintiff's copyright in the Video by reproducing and publicly displaying the Video on the Website and on television. Turner is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Video.

14.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15.     Upon information and belief, the foregoing acts of infringement by Turner have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

16. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

17. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST TURNER
## (17 U.S.C. § 1202)

18. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-17 above.

19. The Video contained copyright management information protected under 17 U.S.C. § 1202(b).

20. Upon information and belief, in its article on the Website and on Television, Turner intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Video.

21. The conduct of Turner violates 17 U.S.C. § 1202(b).

22. Upon information and belief, Turner's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

23. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Turner intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Video. Turner also knew, or should have known, that such falsification, alteration and/or

removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Video.

24. As a result of the wrongful conduct of Turner as alleged herein, Plaintiff is entitled to recover from Turner the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Turner because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

25. Alternatively, Plaintiff may elect to recover from Turner statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Turner be adjudged to have infringed upon Plaintiff's copyrights in the Video in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Turner be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Video.

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management

information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
August 16, 2016

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 301
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorney for Plaintiff Billups Percy*